IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GARZA, (TDCJ-CID #1813274) Petitioner, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2707 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice – Correctional Institutions Division Respondent. | § § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Jose Garza, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his 2012 state-court conviction for possession of a controlled substance. Respondent Lorie Davis has answered with a motion for summary judgment, arguing that Garza's claims either are not cognizable on federal habeas review or are without merit. (Docket Entry No. 12). Garza has not filed a response. After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion and dismisses the case. The reasons are explained below.

**I.     Procedural Background and Claims**

Garza is presently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) as the result of a felony conviction in Harris County Cause Number 1325799. A grand jury returned an indictment against Garza for possession of a controlled substance (cocaine) in an amount between 1 gram and 4 grams. The indictment further contained enhancement allegations related to two prior felony

convictions. Following a trial, a jury found Garza guilty of the offense as alleged in the indictment. Garza entered a plea of true to each enhancement paragraph and, on September 25, 2012, the trial court sentenced him to a 25-year prison term. On October 29, 2012, the court denied Garza's motion for a new trial.

The Fourteenth Court of Appeals of Texas affirmed Garza's conviction on direct appeal. *Garza v. State*, 425 S.W.3d 649 (Tex. App.—Houston [14th Dist.] March 27, 2014). After granting Garza permission to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals refused Garza's petition. *See Ex parte Garza*, Application No. WR-84,208-01, 2015 WL 8480157 (Tex. Crim. App. Dec. 9, 2015); *Garza v. State*, PD–1675–15 (Tex. Crim. App. Apr. 27, 2016).

Garza then filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, collaterally challenging his conviction. *Ex parte Garza*, Application No. 84,208-02. In August 2017, the Court of Criminal Appeals denied the application, without a written order or hearing, on the findings of the trial court. *Id.*

In a federal petition, executed August 30, 2017, Garza raises the following grounds for federal habeas relief:

1. The state appellate court violated his right to due process when it refused to consider his motion for reconsideration en banc for lack of jurisdiction.

2. The trial court violated his right to due process when it failed to hold a hearing on his motion for new trial.

3. Trial counsel rendered ineffective assistance by failing to investigate and interview a witness.

(Docket Entry No. 1, at 6–7). The respondent argues that the petition should be denied because Garza's first and second grounds for relief are not cognizable on federal habeas review and his third ground for relief is without merit. *See* Docket Entry No. 12.

## II. Factual Background

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming Garza's conviction:

> On the evening of November, 2, 2011 in Houston, Harris County, Texas, Officers Valle and Martinez of the Houston Police Department observed a black Ford Crown Victoria turning east onto a westbound lane of Winkler Drive. The vehicle then drove over a median and began driving east in the eastbound lane. The officers initiated a traffic stop, and the vehicle eventually stopped at a gas station. As soon as the vehicle stopped, appellant opened the front passenger-side door and started running. Officer Martinez pursued appellant on foot while Officer Valle secured the vehicle, the driver, and another passenger. During the pursuit, appellant discarded a sandwich baggy that held five individual Ziploc baggies containing cocaine. The cocaine inside the baggies weighed a total of 1.9 grams.

*Garza*, 425 S.W.3d at 650–51.

## III. The Applicable Legal Standards

Garza's petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule

3

that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v.*

4

*Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31. This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

The respondent has moved for summary judgment. Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. This Court, therefore, applies general summary judgment standards only insofar as they do not conflict with the language and intent of AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Finally, Garza is a *pro se* petitioner. *Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Garza's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## IV. Discussion

### A. The Claim of Appellate-Court Error

In his first ground for relief, Garza contends that the state appellate court violated his right to due process when it refused to consider his motion for reconsideration en banc for lack of jurisdiction. (Docket Entry No. 1, at 6). The respondent maintains that this claim is not cognizable on federal habeas review because the alleged error is a state-law question. (Docket Entry No. 12, at 9–10).

An error under state law does not state a claim for federal habeas corpus relief. The Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). It is well established that it is not the function of a federal habeas corpus court "to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983)); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the

interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985)).

The record reflects that Garza filed a *pro se* motion for reconsideration en banc in December 2015, approximately 20 months after the Fourteenth Court of Appeals affirmed his conviction. *See* Docket Entry No. 13-2. On December 31, 2015, the appellate court notified Garza that it no longer had jurisdiction over his appeal and explicitly stated that its plenary power had expired under Rule 19.1 of the Texas Rules of Appellate Procedure. *See* Docket Entry No. 13-3. Garza then filed a petition for discretionary review, in which he challenged the appellate court's failure to consider his motion. *See* Docket Entry 13-17, at 8–10. In refusing Garza's petition, the Court of Criminal Appeals necessarily applied Texas state law when it considered and rejected the merits of Garza's claim. The Court of Criminal Appeals' determination of state law is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds a federal court sitting in habeas corpus). Because Garza's claim is one of state-law error, he fails to state a claim on which federal habeas relief may be granted. The respondent is entitled to summary judgment on this claim.

### B. The Claim of Trial-Court Error

In his second ground for relief, Garza alleges that the trial court violated his right to due process when it failed to hold a hearing on his motion for a new trial. (Docket Entry No. 1, at 6). He argues that he was entitled to a hearing because the record "does not conclusively identify the attorney in question." *Id.* Further, the record "conclusively defines the term 'around' and it does not support the court's interpretation of said term."

7

*Id.* The respondent argues that Garza's claim is not cognizable on federal habeas review or, alternatively, that Garza fails to demonstrate an entitlement to relief. (Docket Entry No. 12, at 10-15).

Under Texas law, a defendant does not have an absolute right to a hearing on a motion for a new trial absent a showing that the motion raises matters that are not determinable from the record and establishes reasonable grounds upon which the defendant could be entitled to a new trial. *Hobbs v. State*, 298 S.W.3d 193, 199-200 (Tex. Crim. App. 2009); *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013). Garza raised this claim on direct appeal and in his petition for discretionary review. The state courts rejected his claim of trial-court error, finding that Garza failed to show that he was entitled to a hearing on his motion for a new trial under Texas law. Again, this Court is bound by the state court's determination of Texas law. The trial court's decision not to hold a hearing on the merits is not subject to federal habeas review. *See, e.g., Haygood v. Quarterman*, 239 Fed. Appx. 39, 42 (5th Cir. 2007) (quoting *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("To the extent that Texas state statutes provide a right to a motion for new trial or a hearing on such a motion, '[w]e will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.'"); *Hudson v. Director, TDCJ-CID*, Civil No. 1:09-CV-706, 2012 WL 3600479, at *8 (E.D. Tex. July 9, 2012), *adopted*, 2012 WL 3597772 (E.D. Tex. Aug. 20, 2012); *Hood v. Dretke*, Civil No. 3:03-CV-2167-K, 2005 WL 1249440, at *4 (N.D. Tex. May 26, 2005), *adopted*, 2005 WL 1511289 (N.D. Tex. June 24, 2005).

Alternatively, even if Garza raises a cognizable claim, he still fails to show an entitlement to relief. Because the Court of Criminal Appeals refused discretionary review without a written order, this Court considers the state intermediate appellate court's decision as "the last reasoned opinion" on Garza's claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991) (federal courts "look through" an unexplained state court denial to evaluate the last reasoned state-court decision). The appellate court disposed of Garza's claim that he was entitled to a hearing on his motion for a new trial, finding no error on the trial court's part:

> In his first issue, appellant challenges the trial court's denial of a hearing on his motion for new trial. Appellant filed a motion for new trial on the basis of newly discovered evidence, and he requested a hearing on the motion. Appellant argues that the exculpatory testimony provided in the affidavit attached to his motion entitled him to a hearing. We disagree.
>
> We review a trial court's decision to deny a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court abuses its discretion if its decision lies outside the zone in which reasonable people might disagree. *Chapa*, 407 S.W.3d at 431. The two main purposes of a new trial hearing are (1) to determine whether the case should be retried and (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Defendants do not have an absolute right to a hearing. *Id.*
>
> A defendant does have a right to a hearing if his motion (1) raises matters that are not determinable from the record and (2) establishes reasonable grounds upon which the defendant could be entitled to a new trial. *Hobbs*, 298 S.W.3d at 199–200; *Chapa*, 407 S.W.3d at 431. As a prerequisite to a hearing, the defendant must attach an affidavit to his motion setting out the factual basis for his claim. *Hobbs*, 298 S.W.3d at 199; *Chapa*, 407 S.W.3d at 431. The motion and affidavit do not need to establish a prima facie case for new trial, but they must demonstrate that reasonable grounds exist for granting the new trial. *Hobbs*, 298 S.W.3d at 199; *Chapa*, 407 S.W.3d at 431. A hearing is not required if the motion is conclusory, unsupported by

facts, or fails to provide requisite notice of the basis for the relief claimed. *Hobbs*, 298 S.W.3d at 199.

In this case, appellant's motion and affidavit must contain facts showing reasonable grounds to believe that the defendant could prevail under the test for granting a new trial articulated by article 40.001 of the Code of Criminal Procedure. *See Chapa*, 407 S.W.3d at 431 (requiring defendant to allege sufficient facts showing that he could prevail under the two-prong test for ineffective assistance of counsel). Under article 40.001, a trial court must grant a new trial if material evidence favorable to the accused has been discovered since trial. Tex. Code Crim. Proc. Ann. art. 40.001 (West 2006). A new trial is never allowed to obtain evidence that was known and accessible to the defendant at the time of trial, even if the defendant had knowledge of the evidence but failed to communicate it to his attorney. *Drew v. State*, 743 S.W.2d 207, 227 n.14 (Tex. Crim. App. 1987); *Marines v. State*, 292 S.W.3d 103, 110 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Thus, if appellant knew of and had access to the "new" evidence at the time of trial, then appellant could not have been entitled to a new trial and the trial court could have reasonably denied the defendant a hearing on his motion. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

Appellant attached to his motion for new trial the sworn affidavit of his friend, Manuel Garcia. Garcia stated that he was in the car at the time of appellant's arrest and that he did not see appellant throw anything while appellant was running from the police. If true, Garcia's statement indicates that the appellant might not have actually possessed the drugs in question. That portion of the affidavit, standing alone, could be reasonable grounds for granting a new trial and therefore a hearing on appellant's motion. However, in the affidavit, Garcia also said, "I talked to [appellant's] attorney and told him everything that happened. He did not call me to testify at trial."

As an eyewitness to the offense and the arrest, Garcia's testimony was potentially discoverable from the outset. Additionally, Garcia's statement about his discussion with appellant's attorney and the attorney's decision not to have Garcia testify indicates that the testimony was discoverable at the time of trial. Based on our review of the motion and affidavit, we conclude that the trial court reasonably declined to hold a hearing on appellant's motion because the affidavit establishes that, at the time of trial, appellant knew of the potentially exculpatory evidence and had access to that evidence. *See Drew*, 743 S.W.2d at 227 n.14.

Furthermore, the trial court heard testimony that contradicts Garcia's statement. Officer Martinez testified that he remained in close proximity to appellant during the pursuit and that he saw appellant throw something with his left hand and keep running. Officer Martinez also testified that appellant threw the object after he and appellant went around a building—where a witness like Garcia potentially could not have seen appellant. After securing appellant, the officer returned to the area where appellant threw the object, conducted a thorough search, and discovered the baggies of cocaine. The officer testified he did not see anything else in the vicinity other than the baggies. On this record, the trial court could have reasonably concluded that the strength of the State's case was such that, even if true, the "new" evidence suggested by the affidavit was not compelling or credible enough to bring about a different result in a new trial and, therefore, that appellant's motion and affidavit did not show that he could be entitled to relief. *See Wallace*, 106 S.W.3d at 108.

Appellant also challenged the legality of the initial traffic stop in his motion. On this subject, Garcia's affidavit only alleged that he "did not see the driver violate any laws." Uncontroverted testimony from Officers Martinez and Valle confirmed that the vehicle drove east in a westbound lane, in violation of the law. *See* Tex. Transp. Code Ann. § 542.301 (defining an offense as an act prohibited by Transportation Code Title 7, Subtitle C, "Rules of the Road"), § 545.051 (requiring operator on a roadway to drive on the right side of the road) (West 2011). In challenging the legality of the traffic stop, appellant attempts to raise matters that are already determinable from the record, and as a result, appellant's right to a hearing on his motion is foreclosed. *See Hobbs*, 298 S.W.3d at 199.

The trial court acted within its discretion when it denied appellant's motion without a hearing. Appellant's first issue is overruled.

*Garza*, 425 S.W.3d at 651–53 (internal footnote omitted).

Garza makes no effort to show that the state court of appeals erred in reaching its decision or that it violated the constitution in doing so. The Fifth Circuit has repeatedly emphasized that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases)). Garza's bare assertions, without more, are not sufficient to establish error on the state court's part or to articulate

11

a claim for relief on federal habeas review. The respondent is entitled to summary judgment on this claim.

### C. The Claim of Ineffective Assistance of Trial Counsel

In his remaining ground for relief, Garza contends that trial counsel rendered ineffective assistance by failing to investigate and interview a potential witness. (Docket Entry No. 1, at 7). The respondent argues that this claim is without merit. (Docket Entry No. 12, 16–22).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must

a claim for relief on federal habeas review. The respondent is entitled to summary judgment on this claim.

### C. The Claim of Ineffective Assistance of Trial Counsel

In his remaining ground for relief, Garza contends that trial counsel rendered ineffective assistance by failing to investigate and interview a potential witness. (Docket Entry No. 1, at 7). The respondent argues that this claim is without merit. (Docket Entry No. 12, 16–22).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must

identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.* A petitioner must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693.

Garza's ineffective-assistance claim was rejected by the state habeas court. As a result, the issue is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by

13

*Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

Garza contends that trial counsel failed to interview a potential witness, P. Fernandez. (Docket Entry No. 1, at 7). Garza asserts that counsel, not an investigator, has an obligation to ask specific questions of a witness. *Id.* According to Garza, counsel should have interviewed Fernandez because it is "undisputed that there was a 'scuffle' in which Petitioner was beaten. State's interpretation of term 'around' is not supported by record." *Id.* A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Garza does not allege what further investigation would have revealed or how it would have changed the outcome of his trial. *See Green*, 882 F.2d at 1003. Garza's conclusory allegations are insufficient to demonstrate deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540–41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence). Garza does not otherwise show he was denied effective assistance of counsel as the result of his attorney's alleged failure to investigate.

The state habeas court rejected this claim and concluded that Garza failed to demonstrate that trial counsel rendered constitutionally ineffective assistance. In

rejecting his ineffective-assistance claim, the trial court made the following relevant findings:

> 6. The applicant was represented by counsel, Enrique Ramirez, at trial.
>
> 7. The applicant fails to show that counsel's performance was deficient or fell below an objective standard of reasonableness.
>
> 8. The applicant fails to show there is a reasonable probability that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.
>
> 9. The applicant fails to show that Patrick Fernandez was available to testify and that his testimony would have been of some benefit to the defense.
>
> 10. The applicant fails to show what additional investigation would have shown.
>
> . . .
>
> 16. The applicant fails to show that counsel conducted an unreasonable investigation under the circumstances.
>
> 17. The Court finds that the contents of official trial court records in cause number 1325799 demonstrate that the totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel.

(Docket Entry No. 14-17, at 32–33, ¶¶ 6–10, 16–17) (internal citations omitted). The trial court further concluded that counsel's representation of Garza was objectively reasonable under *Strickland*. *Id.* at 33, ¶ 3.

The Court of Criminal Appeals expressly based its denial of habeas relief on the trial court's findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Garza fails to present, and the record fails to reveal, clear and convincing evidence to rebut the state court's findings. *Id.*; *see also Miller-El*, 537 U.S. at 330–31. The record evidence shows no basis to overcome the presumption that trial counsel's

strategy and actions were reasonable. There is no basis to find deficient performance. Nor is there a basis to find prejudice. Garza has not demonstrated, and the record does not show, a reasonable probability that the outcome would have been different had counsel interviewed Fernandez.

Absent a showing of deficient performance or actual prejudice, Garza fails to demonstrate a valid claim of ineffective assistance. To the extent the state court rejected his claim, Garza does not show that this decision was unreasonable under the doubly deferential standard of review. Garza is not entitled to federal habeas corpus relief on his claim of ineffective assistance of counsel.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). Where denial of relief is based on procedural grounds the petitioner must show not only that

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because Garza has not made the required showing, this Court will not issue a certificate of appealability.

## V. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 12), is **GRANTED**.

2. The petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. Any and all remaining pending motions are **DENIED** as moot.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on SEP 2 4 2019.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE